UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (Springfield)

APPELLANT BRIEF

---

CASE NO.: 3:05-cv-30021-MAP

Bankruptcy Case No.: 02-42450:HJB

IN RE: IN RE: LaFrance et al

---

Joseph L. LaFrance

Appellant

V.

UNITED STATES TRUSTEE; AND
DENISE M. PAPPALARDO, CHAPTER 13 TRUSTEE

Appellees

APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WESTERN MASSACHUSETTS

The matter before the Court is the question of whether the bankruptcy judge, Judge Henry J. Boroff's decision to deny a motion to extend time to file bankruptcy fee appliactions on the requested grounds of "extraordinary and unanticipated circumstances" was an abuse of discretion and whether or not Francis Lafayette demonstrated extraordinary and unanticipated circumstances" sufficient enough to warrant an extenstion of time to file fee applications in a large number of bankruptcy cases.

BACKGROUND

Debtor's counsel was ordered to file fee applications within 120 days pursuant to the Court's order dated June 10, 2004. On October 7, 2004, counsel filed his First Motion to Extend Time which the Court granted the extension until December 8, 2004, but stated that "no further extensions will be granted absent extraordinary and unanticipated circumstances."

On December 8, 2004, Debtor's counsel filed a "Second Motion to Extend Time" in which he alleged "extraordinary and unanticipated circumstances".

I. ISSUES ON APPEAL

The issue on appeal is whether the bankruptcy court abused its discretion in denying Debtor's Second Expedited Motion to Extend Time to File Fee Applications for failure to show "extraordinary and unanticipated circumstances". Further was the bankruptcy judge's decision to exercise his discretion to deny an extension of time to file fee applications supported by

substantial evidence. Further did the bankruptcy judge properly consider whether his decision would unduly harm Francis Lafayette financially? Further did the bankruptcy judge apply the appropriate legal standards to reach his decision.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court has jurisdiction to decide this appeal. A final order of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgement." Midland Asphalt Corp. V. United States, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted).

The bankruptcy court's denial of the debtor's counsel's "second motion to extend time to file fee applications" is reviewed for abuse of discretion." Id. (citing Baker v. Raulie, 879 F 2d. 1396, 1399 (6th Cir. 1989)). "A court has abused its discretion if the reviewing court has a definite and firm conviction that the lower court committed a clear error of judgement in the conclusion that it reached based on all of the appropriate factors."

## III. FACTS

The facts of this case are undisputed. On April 19, 2002 the debtor, represented by Francis Lafayette, filed a Voluntary Petition under 11 U.S.C. Chapter 13. On April 26, 2004 Francis Lafayette filed a disclosure of Compensation as attorney for debtor in the amount of $3,000.00. The Rule 2016(b) - Statement

of Attorney Compensation states that of the $3,000 fee for legal services Attorney Lafayette received prior to the filing of the case $415.00. The chapter 13 Trustee paid Francis Lafayette $1,021.87 in 3 payments leaving a balance under the plan to Francis Lafayette of $1,478.13.

On April 10, 2003 Francis Lafayette was ordered to file a fee application by the bankruptcy judge, Henry J. Boroff within 14 days. The fee application was filed April 24, 2003. On May 9, 2003 the Chapter 13 Trustee filed an Objection to the First Fee Application of Francis Lafayette. The Chapter 13 Trustee alleged a retainer of $600, not $415 was paid to Francis Lafayette. The correct statement of facts is that of $600 paid as a "retainer", $185.00 was the Chapter 13 filing fee leaving a payment of $415.00 as a retainer for the Chapter 13 case. The total paid to Francis Lafayette was the sum of $415.00; $625.02; $13.31 and $383.54 for a total of $1,436.88. The debtor also paid to Francis Lafayette the $185.00 filing fee. The first fee application to the date requested $4,204.00 leaving a balance of $2,767.12 as filed on April 24, 2003.

On June 24, 2003 the bankruptcy judge issued a "case management order" that ultimately imposed a time-table fashioned not by statute or court rule, but by the dictates of the bankruptcy judge. Under that time-table Francis Lafayette was to file within 120 days a fee application, not only in the case at hand, but in all of the Chapter 7 or Chapter 13 cases in which Francis Lafayette appears on behalf of the a debtor "but only if

4

he has a claim for unpaid compensation or expense reimbursement either against the debtor or the estate" and that on and after the entry of this order, the Chapter 13 Trustee not make any payments to Attorney Lafayette on account of any request or reimbursement of expense absent a court order".

From April 24, 2004 to June 10, 2004 more work was performed on the debtor's Chapter 13 case which became a converted Chapter 7 case on November 17, 2004. From June 10, 2004 to present more work was done by Francis Lafayette on behalf of the debtor.

A motion was filed to extend the time for compliance to the 120 day limit for filing fee applications in all cases. The motion was granted by allowing an additional 60 days.

> Endorsed Order Dated 10/12/04 Regarding [125] Expedited Motion to Extend Time to File Fee Applications Filed by Attorney Francis Lafayette. GRANTED INSOFAR AS THE DEADLINE IS EXTENDED TO DECEMBER 8, 2004. NO FURTHER EXTENSIONS WILL BE GRANTED *ABSENT EXTRAORDINARY AND UNANTICIPATED CIRCUMSTANCES*" (emphasis added)

A motion was filed requesting a 90 day extenstion to file remaining fee applications on December 8, 2004 which was denied by the bankruptcy judge on December 13, 2004.

On December 22, 2004 Francis Lafayette filed the within appeal of the order denying the "Second Motion to Extend Time" alleging that there were extraordinary and unanticipated circumstances which would justify the granting of an additional 90 day period to file remaining fee applications.[1]

---

[1] The denial order went on to say that "Any claim for unpaid compensation or expense reimbursement due to Attorney Lafayette on or before June 10, 2004 on account of his representation of a debtor in a case

5

During the course of the LaFrance case Francis Lafayette explained to the court at a hearing of November 24, 2004 that he was experiencing a medical condition of diabetes with a second medical condition of polyneuropathy.[2] Francis Lafayette believes that his medical condition presented to the bankruptcy judge "extraordinary and unanticipated circumstances" sufficient to warrant an extension of 90 days to file outstanding fee applications in all of his pending Chapter 7 and Chapter 13 cases.

Each day the progressive nature of the disease slowly causes more loss of physical movement. Recently Francis Lafayette has been prescribed medication by Dr. Sorrell, M.D.

## IV. DISCUSSION

The words "extraordinary and unanticipated circumstances" given their ordinary meaning.[3] "Extraordinary"[4] in the

---

pending in this Court in which Attorney Lafayette failed to file a fee application on or before December 8, 2004 is deemed waived and is disallowed."

Becuased of the large number of bankruptcy cases in which Francis Lafayette appears the net effect of the order to file fee application as a pre-condition to being paid for work done unduly harms Francis Lafayette financially.

[2] Chronic inflammatory polyneuropathy is a disorder involving slowly progressive or repeated episodes of loss of movement or sensation, caused by inflammation of multiple nerves. Medline Plus Medical Encyclopedia http://www.nlm.nih.gov/medlineplus/ency/article/000777.htm

[3] While the bankruptcy judge set the requirement that Francis Lafayette must demonstrate the dual requirements of "extraordinary" and "unanticipated"

circumstances in order to be granted a second condition, the bankruptcy judge did not define or set forth what set of circumstances would constitute extraordinary circumstances. The known symptoms of polyneuropathy are:
Weakness, usually in the arms and hands or legs and feet; Facial weakness; Difficulty walking; Difficulty using the arms and hands or legs and feet; Sensation changes (usually of the arms and hands or legs and feet); Pain, burning, tingling, or other abnormal sensations and Numbness or decreased sensation; Swallowing difficulty; Speech impairment; Loss of function or feeling in the muscles; Muscle contractions; Muscle atrophy; Uncoordinated movement; Dysfunctional movement; Joint pain; Hoarseness or changing voice; Fatigue; Facial paralysis; Bowel or bladder dysfunction and Breathing difficulty. Because Francis Lafayette was experiencing all of these symptoms during times relevant to this appeal, Francis Lafayette, respectfully suggests that he did demonstrate which met the bankruptcy judge's imposed condition of showing "extraordinary" and "unanticipated" circumstances in order to be granted a second extension of time.

The bankruptcy judge states in his memorandum denying the motion for a 90 day extension that "the existence of Attorney Lafayette's *alleged* illnesses insufficient to justify an additional extension of time. It is unlikely that either or any of the alleged conditions interfered in any material was with his ability to file fee applications, not could they have been unanticipated by Attorney Lafayette since they were specifically mentioned in the first extension request.

Contrary to the judge's opinion Francis Lafayette does represent that he did not anticipate that the magnitude of physical fatigue and physical stress would increase and the treatment by his physicians would fail at the same time. For example Dr. McGuire recently prescribed a medication known as Neurontin which Dr. Sorrell increase the dosage 10 times. The purpose of the medication is to control the symptoms of the polyneuropathy. The change of medication was on February 1, 2005. Prior to that date Francis Lafayette was not prescribed any medication to treat polyneuropathy. As a result during the time period in question was in a situation where he could not the bankruptcy judge's deadline due to "extraordinary and unanticipated circumstances". It was anticipated that

7

circumstances of the order granting the first extension means "exceptional to a very marked extent". "Unanticipated"[5] means *unexpected, unforeseen*. The burden that Francis Lafayette was given by bankruptcy judge in his first order allowing the first motion for an extension of time to file fee applications in all pending case was, given the ordinary meaning of words, to show an "exceptional to a very marked extent" "unexpected, unforeseen circumstances". In the motion to extend time to file fee applications Francis Lafayette stated:

> his doctors, Dr. McGuire and Dr. Sorrell would not provide a medical solution to the worsening symptoms cased by polyneuropathy. In fact the daily increasing of pain was not anticipated and it's effect on the performance of Francis Lafayette was extraordinary.

[4]  Main Entry: ex·traor·di·nary
Pronunciation: ik-'stror-d&n-"er-E, "ek-str&-'or-
Function: *adjective*
Etymology: Middle English *extraordinarie*, from Latin *extraordinarius*, from *extra ordinem* out of course, from *extra* + *ordinem*, accusative of *ordin-*, *ordo* order
1 a : going beyond what is usual, regular, or customary <*extraordinary powers*> b : exceptional to a very marked extent <*extraordinary beauty*> c of a financial transaction : NONRECURRING
2 : employed for or sent on a special function or service <an ambassador extraordinary>
- ex·traor·di·nari·ly  /ik-"stror-d&n-'er-&-lE, "ek-str&-"or-/ adverb
- ex·traor·di·nari·ness  /ik-'stror-d&n-"er-E-n&s, "ek-str&-'or-/ noun
2005 update to Merriam-Webster's Collegiate Dictionary, Eleventh Edition

[5]  Main Entry: un·an·tic·i·pat·ed
Pronunciation: "&n-an-'ti-s&-"pA-t&d
Function: adjective
: not anticipated : UNEXPECTED, UNFORESEEN
- un·an·tic·i·pat·ed·ly adverb
2005 update to Merriam-Webster's Collegiate Dictionary, Eleventh Edition

"The extraordinary and unanticipated circumstances are that counsel seeks an extension due to continuing health issues caused by diabetes and polyneuropathy. Francis Lafayette's physical abilities have been substantially reduced which have caused him to be disabled. The cumulative effect of several physical disabilities now experienced by Movant are permanent in nature and despite all best efforts Francis Lafayette is unable to complete the task as ordered within the 120 day time period.

"The reason that the best efforts have failed is that the medications which have been prescribed to Movant have failed to bring the Movant's medical disabilities under control.

"The Movant's attending physician Dr. David McGuire has tripled the original dosage of medication on December 3, 2004 as the Movant's diabetic condition has not improved. This worsening medical condition was not anticipated by Movant. In fact Dr. McGuire has informed Movant that unless his health improves soon, Movant will have to have insulin injections on a daily basis.

"The worsening diabetic condition has caused Movant to suffer unanticipated dental complication. In the past 90 days Movant has had multiple root canal therapies and has been placed on antibiotics by his dentist and has been required to spend hours in the dental chair. Movant's dentist attributes Movant's dental problems directly to Movant's condition of advanced diabetes.

"Movant's condition of polyneuropathy has substantially worsening and the combination of pain and muscle failure caused by the condition of polyneuropathy have reduced considerable the Movant's ability to physically prepare/type pleadings. Movant is restricted in his physically ability to move files and requires assistance from others to carry heavy, large files to his desk. Movant does not have office help after hours and the time required to physically prepare fee applications is significant.

While much progress has been made with the preparation of the fee applications, and many have been file, more time is needed for the reasons stated herein. Francis Lafayette respectfully requests an enlargement of 90 days to March 8, 2005.

Francis Lafayette, faced with the reality of dealing on a day by day basis with a physical disability caused as a result of an unexpected illness, diabetes meets the burden of Proof of

9

demonstrating "extraordinary and unanticipated circumstances" Independent neurological and medical examinations relating to Francis Lafayette establish that he has both ""extraordinary and unanticipated circumstances". The unique circumstances of this case--the sudden, unanticipated permanent medical condition of Francis Lafayette when applied to a judge-made exemption to a judge-made limitation of time to file a very large number fee applications in any circumstances, much less circumstances at hand where due to an ever increasing physical disability Francis Lafayette is unable to physically assemble, type, prepare and file a large number of fee applications. Francis Lafayette is an individual with a disability and because of the disability was unable to meet the judge imposed limitation of fee applications in a large number of Chapter 13 bankruptcy cases.

## V. CONCLUSION

Based on the foregoing, Francis Lafayette met his burden of proving "extraordinary and unanticipated circumstances" sufficient to obtain additional time to file court mandated fee applications. Francis Lafayette requests that he be allowed to file fee applications within a time period not more than 120 days after the date of a Decision and Order, of this Court granting relief on this appeal.

WHEREFORE, the debtor's counsel respectfully requests this Court to reverse the bankruptcy court's order denying the Debtor's Second Motion to Extend Time to File Fee Applications and to allow Francis Lafayette at least 120 days from the date of

an reversing the order of the bankruptcy judge to file remaining fee applications.

Respectfully submitted,

*[signature]*

Francis Lafayette, J.D.
1024 Park Street
PO Box 1020
Palmer, MA 01069
(413) 283-7785

Certificate of Service

I, Francis Lafayette, J.D., certify that I caused a copy of the foregoing Brief to be served upon the parties shown below by delivering a copy of same, postage prepaid, first class mail to:

Denise M. Pappalardo
Chapter 13 Trustee
PO Box 16607
Worcester, MA 01601

United States Trustee
446 Main St., 14th Floor
Worcester, MA 01608

*[signature]*

Francis Lafayette, J.D.

11

"*Exhibit A*"

## TO BE COMPLETED BY HEALTH CARE PROVIDER

CLINICAL DIAGNOSIS: *Polyneuropathy* _____ (Required)

DURATION (circle one): Temporary    (**Permanent**)
    If temporary, please state # of months _____

PLEASE CHECK *ALL* THAT APPLY:

__✓__ Unable to walk 200 feet without assistance (clinical diagnosis **MUST** be completed)

_____ Legally Blind* (Cert. Of Blindness may substitute for professional certification) (*automatic loss of license)

_____ Chronic Lung Disease
    Please state FEV1 Test results _____ O2 saturation with minimal exertion _____
    Use of Portable Oxygen?    Yes _____    No _____

_____ Cardiovascular Disease
    AHA Functional Classification (circle one): I    II    III    IV*
                                                    (*automatic loss of license)

_____ Arthritis (please state type, severity, and location) _____

_____ Loss of or permanent loss of use of a limb
    Description of functional disability _____

HEALTHCARE PROVIDER *MUST* CHECK ONE:

In my professional opinion and to a reasonable degree of medical certainty:

[✓] The above condition, or any other medical condition of which I am aware, ***WILL NOT IMPAIR*** the safe *operation of a motor vehicle.*
[ ] The person applying for this permit is ***NOT*** medically qualified to operate a motor vehicle safely.
[ ] The medical condition as stated above is of such severity as to require a ***COMPETENCY ROAD TEST***.

CERTIFICATION: (Please Print)
    Michael R. Sorrell, M.D.                    56495
Healthcare Provider's Name       Title              Mass Board of Registration. #
    300 Carew Street, Suite 2
    Springfield, Massachusetts 01104
Address

Telephone Number 413-781-5050                     6-3-04
Healthcare Provider's Signature                     Date

M20060-0902

"Exhibit B"

