# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

Bank. Appeal CA. 05-30021-MAP
Bankruptcy Case No. 02-42450-HJB

IN RE: JOSEPH LAFRANCE,
DEBTOR

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JOSEPH LAFRANCE,
APPELLANT
v.
PHOEBE MORSE, UNITED STATES TRUSTEE AND
DENISE PAPPALARDO, CHAPTER 13 TRUSTEE
APPELLEES

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Bank. Appeal CA. 05-30023-MAP
Bankruptcy Case No. 02-45994-HJB

IN RE: HECTOR ROLON,
DEBTOR

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

HECTOR ROLON,
APPELLANT
v.
PHOEBE MORSE, UNITED STATES TRUSTEE AND
DENISE PAPPALARDO, CHAPTER 13 TRUSTEE
APPELLEES

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Bank. Appeal CA. 05-30024-MAP
Bankruptcy Case No. 02-47249-HJB

IN RE: PETER CACI AND DENISE CACI,
DEBTORS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PETER CACI AND DENISE CACI,
APPELLANTS
v.
PHOEBE MORSE, UNITED STATES TRUSTEE AND
DENISE PAPPALARDO, CHAPTER 13 TRUSTEE
APPELLEES

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Bank. Appeal CA. 05-30025-MAP
Bankruptcy Case No. 03-40074-HJB

IN RE: MARK BENNETT AND ANGELA BENNETT,
DEBTORS
***********************************
MARK BENNETT AND ANGELA BENNETT,
APPELLANTS
v.
PHOEBE MORSE, UNITED STATES TRUSTEE AND
DENISE PAPPALARDO, CHAPTER 13 TRUSTEE
APPELLEES
*****************************************************************************

Bank. Appeal CA. 05-30026-MAP
Bankruptcy Case No. 02-46689-HJB

IN RE: KATHLEEN DAIGNEAULT,
DEBTOR
***********************************
KATHLEEN DAIGNEAULT,
APPELLANT
v.
PHOEBE MORSE, UNITED STATES TRUSTEE AND
DENISE PAPPALARDO, CHAPTER 13 TRUSTEE
APPELLEES
*****************************************************************************

Bank. Appeal CA. 05-30027-MAP
Bankruptcy Case No. 02-45398-HJB

IN RE: MARTA OYOLA,
DEBTOR
***********************************
MARTA OYOLA,
APPELLANT
v.
PHOEBE MORSE, UNITED STATES TRUSTEE AND
DENISE PAPPALARDO, CHAPTER 13 TRUSTEE
APPELLEES
*****************************************************************************

Bank. Appeal CA. 05-30028-MAP
Bankruptcy Case No. 03-40199-HJB

IN RE: STEFAN DAVIS,
DEBTOR
**********************************
STEFAN DAVIS,
APPELLANT
v.
PHOEBE MORSE, UNITED STATES TRUSTEE AND
DENISE PAPPALARDO, CHAPTER 13 TRUSTEE
APPELLEES
***************************************************************************

BRIEF OF APPELLEE, DENISE PAPPALARDO, CHAPTER 13 TRUSTEE

# TABLE OF AUTHORITIES

STATUTES:

11 U.S.C. § 330 ...................................................................................................................2

FEDERAL RULES OF BANKRUPTCY PROCEDURE

Fed. Rules Bankr. Pro. 8013 ..............................................................................................1

MASSACHUSETTS LOCAL RULES

Mass. Local Bank. Rules 13-7 (b) .....................................................................................2

CASES:

*In re Collida*, 270 B.R. 209 (Bankr. S.D.Tex 2001) ........................................................5

*Cooter & Gell v. Hatmarx Corp.*, 496 U.S. 384 (1990) ..................................................1

*Edmonston v. Murphy (In re Edmonston)*, 107 F.3d 74 (1st Cir. 1997) ..........................1

*In re Ortiz*, 200 B.R. 485 (D. Puerto Rico 1996) ...........................................................1

*In re Solis*, 172 B.R. 530 (Bankr. S.D.N.Y. 1994) ........................................................5

*In re Williams*, 224 B.R. 523 (B.A.P. 2nd Cir. 1998) ....................................................1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES........................................................................................................ii

I.. STATEMENT OF ISSUE PRESENTED..................................................................................1

II.. STANDARD OF REVIEW....................................................................................................1

II. STATEMENT OF THE CASE AND FACTS..........................................................................1

IV. ARGUMENT .......................................................................................................................5

i

## I. STATEMENT OF ISSUE

Whether the bankruptcy court's order of December 13, 2004 denying the Second Expedited Motion to Extend Time to File Fee Application was an abuse of discretion given that counsel failed to sustain his burden that there were extraordinary or unanticipated circumstances.

## II. STANDARD OF REVIEW

Whereas, the lower court's decision is reviewed for abuse of discretion, the appellate court reviews the facts underlying the decision under a "clearly erroneous" standard. Fed. Rules Bankr. Pro. 8013. *See also, In re Ortiz*, 200 B.R. 485, 489, (D. Puerto Rico 1996). A bankruptcy court abuses its discretion if it bases its decision on an erroneous view of law or clearly erroneous factual findings. *Cooter & Gell v. Hatmarx Corp.*, 496 U.S. 384 (1990). To determine that the Bankruptcy Court abused its discretion, this Court must find that the lower court "committed a clear error of judgment in the conclusion it reached based on all the appropriate factors." *In re Williams*, 224 B.R. 523, 529 (B.A.P. 2nd Cir. 1998). The clearly erroneous standard requires the Court to give great deference to the bankruptcy court. *Ortiz*, at 489. Legal conclusions are reviewed *de novo. Edmonston v. Murphy (In re Edmonston)*, 107 F.3d 74, 75(1st Cir. 1997).

## III. STATEMENT OF THE CASE AND FACTS

On or about June 24, 2003, the bankruptcy court issued a case management order (the "Case Management Order")[1] ordering Attorney Lafayette to show cause (1) why he should not file fee applications in all pending cases in which he serves as counsel to the debtor in which fees

---

[1]*Lafrance* Docket No. 55; *Rolon* Docket No. 64; *Bennett* Docket No. 48; *Oyola* Docket No. 57; *Davis* Docket No. 65.

1

are unpaid and (2) why, until further order of the court, he should not be required to deposit fees received from Chapter 13 or 7 debtors in the District of Massachusetts in his client trust account and not disburse the funds until approval of his fees.[2]  In issuing the Case Management Order, the bankruptcy court took judicial notice that a pattern had arisen whereby Attorney Lafayette failed to adequately represent his clients.[3]

On July 22, 2003, an evidentiary hearing was conducted on the Case Management Order. At that time, Attorney Lafayette presented evidence that the lapses in his representation were due to computer software problems, his chronic illnesses and his staff's temporary illnesses.[4]  With

---

[2]The court may allow reasonable compensation to counsel for a debtor based on the benefit and necessity of such services 11 U.S.C. § 330(a)(4)(B). "Unless otherwise ordered by the court, if debtor's counsel's total compensation prior to confirmation of a plan is $2,500.00 or less ...[or]...compensation for post confirmation services [is] in an amount not exceeding $500...the filing of an itemized fee application shall be excused." MLBR 13-7(b).

[3]*LaFrance* Docket No. 92 pp. 3-7, 27-28 (There were inaccuracies regarding time entries on Attorney Lafayette's fee application); *Rolon* Docket No. 78 pp. 9-13, 27-28 (Attorney Lafayette filed a Chapter 7 case for the debtor even though he had recently received a Chapter 7 discharge and could not obtain another Chapter 7 discharge, he filed inaccurate schedules, and filed schedules late); *Bennett* Docket No. 120 pp. 20-23, 27-28 (There were errors in the bankruptcy schedules and plan); *Oyola* Docket No. 72 pp. 7-9, 27-28 (Attorney Lafayette filed a Schedule "C" and an Amended Schedule "C" in which he claimed an exemption in assets in excess of that permitted); *Davis* Docket No. 123 pp. 24-28 (There were errors in the bankruptcy schedules and plan.  In the following cases, the bankruptcy court ordered Attorney Lafayette to file fee applications: *Daigneault* Docket No. 34, Docket No. 57 pp. 13-15 (Attorney Lafayette failed to amend an unconfirmable Chapter 13 plan and missed two deadlines in the case; *Caci* Docket No. 41, Docket No. 81 pp. 15-20 (Attorney Lafayette failed to disclose to the debtors that an expert retained by Attorney Lafayette was not in fact qualified, failed to advise the debtors that Attorney Lafayette represented the expert in his own Chapter 13 bankruptcy, undertook to represent both the expert and the debtors in a contest regarding fees, and failed to timely file a motion to sell real estate).

[4]*Lafrance* Docket No. 92 p. 40; *Rolon* Docket No. 78 p. 40; *Caci* Docket No. 81 p. 40 ; *Bennett*, Docket No.120 p.40; *Daigneault* Docket No. 57 p. 40; *Oyola* Docket No. 72 p. 40; *Davis* Docket No. 123 p. 40.

respect to the evidence presented by Attorney Lafayette

> The Court finds it hard to believe, and does not believe, that most (if any) of the various errors described in each of the above referenced cases are the result of the various excuses proffered by Attorney Lafayette. But even if the excuses are true, they are not sufficient to overlook the sloppy, careless and unprofessional actions taken by Attorney Lafayette in each of the referenced cases. Clients come to attorneys for a service. Where the service is not provided, or provided poorly, they should not be required to pay for the service, regardless of the validity of the excuse offered.[5]

On June 10, 2004, the Court ordered, in part, that Attorney Lafayette file a fee application within 120 days in each Chapter 13 and Chapter 7 case in the District of Massachusetts in which he appears on behalf of a debtor, but only if he has a claim for unpaid compensation or expense reimbursement either against the debtor or the estate.[6]  On or about October 7, 2004, one day before the expiration of the deadline, Attorney Lafayette filed an Expedited Motion to Extend Time to File Fee Application (the "First Motion to Extend") alleging that his ailments (i.e. diabetes and polyneuropathy) were permanent and prevented him from filing the fee applications.[7]  Counsel sought an extension to December 8, 2004.

On or about October 12, 2004, the bankruptcy court allowed the First Motion to Extend

---

[5]*Lafrance* Docket No. 92 p. 41; *Rolon* Docket No. 78, p. 41; *Caci* Docket No. 81 p. 41; *Bennett* Docket No.120 p. 41; *Daigneault* Docket No. 57 p. 41; *Oyola* Docket No. 72 p. 41; *Davis* Docket No. 123 p. 41.

[6]*Lafrance* Docket No. 94; *Rolon* Docket No. 80; *Bennett* Docket No.122; *Oyola* Docket No. 74; *Davis* Docket No. 125. Attorney Lafayette was also ordered to disgorge fees in *LaFrance* Docket No. 93; *Rolon* Docket No. 79; *Caci*  Docket No. 82; *Daigneault* Docket No. 58; *Oyola* Docket No. 73; *Davis* Docket No. 124.

[7]*Lafrance* Docket No. 125; *Rolon* Docket No. 109; *Caci* Docket No. 111; *Bennett* Docket No. 146; *Daigneault* Docket No. 93; *Oyola* Docket No. 107; *Davis*, Docket No. 169.

and granted an extension of the deadline to December 8, 2004.[8] The bankruptcy court also set

forth that "no further extensions would be granted absent extraordinary and unanticipated

circumstances".

On December 8, 2004, Attorney Lafayette filed the Second Expedited Motion to Extend

Time to File Fee Application seeking an extension of the deadline due again to his diabetes and

polyneuropathy. In addition, Attorney Lafayette sets forth that he has undergone "multiple root

canal therapies and has been placed on antibiotics" (the "Second Motion to Extend").[9] On or

about December 13, 2004, the bankruptcy court denied the Second Motion to Extend (the

"Denial Order").[10] In so doing, the bankruptcy court found that the alleged illnesses were

insufficient to justify an additional extension of time as it was not likely that it prevented him

from filing fee applications as during the period from October 8, 2004 through December 8,

2004, counsel filed 490 pleadings of which 33 were new bankruptcy cases.[11] In addition, the

alleged illnesses were not unanticipated as this excuse was set forth in the First Motion to

Extend. Finally, the bankruptcy court found that the failure to timely file the fee applications was

not so much from illness as Attorney Lafayette's inability or unwillingness to prioritize.

On December 22, 2004, Attorney Lafayette filed a Notice of Appeal of the Denial Order

---

[8]*Lafrance* Docket No. 126; *Rolon* Docket No. 110; *Caci* Docket No. 112; *Bennett* Docket No. 147; *Daigneault* Docket No. 94; *Oyola* Docket No. 108; *Davis* Docket No. 171.

[9]*Lafrance* Docket No. 138; *Rolon* Docket No. 118; *Caci* Docket No. 120; *Bennett* Docket No. 156; *Daigneault* Docket No. 103; *Oyola* Docket No. 117; *Davis* Docket No. 187.

[10]*Lafrance* Docket No. 140; *Rolon* Docket No. 120; *Caci* Docket No. 122; *Bennett* Docket No. 158; *Daigneault* Docket No. 105; *Oyola* Docket No. 119; *Davis* Docket No. 191.

[11]*Lafrance* Docket No. 139; *Rolon* Docket No. 119; *Caci* Docket No. 121; *Bennett* Docket No. 157; *Daigneault* Docket No. 104; *Oyola* Docket No. 118; *Davis* Docket No. 190.

4

which is the subject of the present appeal.[12]


## IV. ARGUMENT

Whether the bankruptcy court's order of December 13, 2004 denying the Second Expedited Motion to Extend Time to File Fee Application was an abuse of discretion given that counsel failed to sustain his burden that there were extraordinary or unanticipated circumstances.

An unanticipated change is a change which could not have been reasonably anticipated. In re Solis, 172 B.R. 530, 532 (Bankr. S.D.N.Y. 1994). The court must first find anticipated, substantial change in circumstances and then must balance the equities. *Id.*

Attorney Lafayette has repeatedly used his infirmities as a defense to failing to comply with deadlines. There are no new facts asserted in the Second Motion to Extend which would justify an extension of the deadline to file the fee applications. In fact, Attorney Lafayette complains of the same ailments in the First Motion to Extend as he does in the Second Motion to Extend (i.e. diabetes and polyneuropathy). As the bankruptcy court noted, during the period of October 8, 2004 through December 8, 2004 in which the filing of the fee applications would have been timely, Attorney Lafayette vigorously engaged in the practice of law filing 33 new bankruptcy cases. Failure to meet deadlines, failure to seek extensions of deadlines, failure to amend schedules, and a purely reactive posture are evidence of the lack of effective, efficient, and professional representation." *In re Collida*, 270 B.R. 209, 214 (Bankr. S.D. Tex. 2001).

In conclusion, Attorney Lafayette failed to meet his burden that extraordinary or unanticipated circumstances prevented him from timely filing his fee applications by December

----

[12]*Lafrance* Docket No.142; *Rolon* Docket No. 122; *Caci* Docket No. 124; *Bennett* Docket No. 162; *Daigneault* Docket No. 107; *Oyola* Docket No. 122; and *Davis* Docket No. 193.

8, 2004. Instead, Attorney Lafayette alleges that the same illnesses which prevented him from

filing fee applications by the first deadline set by the bankruptcy court of October 8, 2004 also

prevented him from filing the fee applications by the extended deadline of December 8, 2004.

Thus, the bankruptcy court did not abuse its discretion in denying the Second Motion to Extend

and the ruling of the bankruptcy court should be affirmed.

Respectfully submitted,
Standing Chapter 13 Trustee

Dated: _2/30/05_

_____
Denise M. Pappalardo, Trustee
BBO # 553293
Joanne Psilos, Staff Attorney
BBO # 556997
P.O. Box 16607
Worcester, MA 01601
(508) 791-3300

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing to the following parties by first
class mail, postage prepaid.
Dated: _3/30/05_

_____
Denise M. Pappalardo
Joanne Psilos

## SERVICE LIST

Francis J. Lafayette, J.D.
P.O. Box 1020
Palmer, MA 01069

Richard King
Asst. United States Trustee
446 Main Street
Worcester, MA 01608