Case No. 3:05-cv-30021-MAP (Consolidated Appeal)[1]

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

JOSEPH L. LAFRANCE,

Appellant

v.

PHOEBE MORSE,
UNITED STATES TRUSTEE

Appellee

ON APPEAL FROM AN ORDER OF THE UNITED STATES
BANKRUPTCY COURT FOR THE DISTRICT OF MASSACHUSETTS

In re Joseph L. LaFrance, 02-42450-HJB

BRIEF OF
PHOEBE MORSE,
UNITED STATES TRUSTEE

Stephen E. Meunier, Esq.
Office of the United States Trustee
United States Department of Justice
446 Main Street, 14th Floor
Worcester, Massachusetts 01608
Tel: (508) 793-0555
Email: Stephen.Meunier@usdoj.gov

---

[1] The consolidated appeals are:
Hector Rolon v. Phoebe Morse, et. al. C.A. 05-30023-MAP;
Peter and Denise Caci v. Phoebe Morse, et. al. C.A. 05-30024-MAP;
Mark and Angela Bennett v. Phoebe Morse, et. al. C.A. 05-30025-MAP;
Kathleen Daigneault v. Phoebe Morse, et. al. C.A. 05-30026-MAP;
Marta Oyola v. Phoebe Morse, et. al. C.A. 05-30027-MAP; and
Stefan Davis v. Phoebe Morse, et. al. C.A. 05-30028-MAP.

# TABLE OF CONTENTS

**STATEMENT OF JURISDICTION** …………………………………………………1

**STATEMENT OF ISSUE PRESENTED** …………………………………………1

**STANDARD OF APPELLATE REVIEW** …………………………………………...1

**STATEMENT OF THE CASE AND FACTS** …………………………………………..2

**ARGUMENT** ……………………………………………………………………..6

**CONCLUSION** …………………………………………………………………7

**PRAYER** …………………………………………………………………………...8

**CERTIFICATE OF SERVICE** …………………………………………………...8

# TABLE OF AUTHORITIES

## Cases

*Independent Oil & Chem Workers of Quincy, Inc. v. Procter & Gamble Mfg. Co.*, 864 F.2d 927, 929 (1st Cir. 1988) ......................................................................................2

*In re LaFrance, et al.*, 311 B.R. 1 (Bankr. D. Mass. 2004) ...........................................2, 3, 4

*Neal Mitchell Assoc. v. Braunstein (In re Lambeth Corp.)*, 227 B.R. 1, 7 (B.A.P. 1st Cir. 1998) ........................................................................................................................2

*Trustees of the Centennial State Carpenters Trust v. Centric Corp. (In re Centric Corp.)*, 901 F.2d 1514, 1517-18 (10th Cir.1990), cert. denied, 498 U.S. 852, 111 S.Ct. 145 (1990)..2

*United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed 756, 766 (1948) .........................................................................................................1

*Wilson v. Huffman (In re Missionary Baptist Foundation of America, Inc.*, 712 F.2d 206, 209 (5th Cir. 1983) ........................................................................................................1

*In re Winthrop Old Farm Nurseries, Inc.*, 50 F.3d 72, 73 (1st Cir. 1995) ...............................1

## Statutes

11 U.S.C. §330 ........................................................................................................................2

28 U.S.C. §158(a).....................................................................................................................1

## Rules

**Fed. R. Bankr. P. 8013** ...........................................................................................................1

**Fed. R. Bankr. P. 9006** ...........................................................................................................2

**Massachusetts Local Bankruptcy Rule (MLBR) 13-7(b)** .....................................................2

## STATEMENT OF JURISDICTION

This appeal arises from a final order issued by the United States Bankruptcy Court for the District of Massachusetts (Henry J. Boroff, J.) on December 13, 2004, denying Attorney Francis Lafayette's Second Expedited Motion To Extend Time To file Fee Applications ("Second Motion"). This Court has jurisdiction over this appeal under 28 U.S.C. §158(a).

## STATEMENT OF ISSUE PRESENTED

Did the bankruptcy court abuse its discretion in denying Attorney Lafayette's Second Motion?

## STANDARD OF APPELLATE REVIEW

In general, appellate courts "independently review the bankruptcy court's decision, applying the 'clearly erroneous' standard to findings of fact and *de novo* review to conclusions of law'...[Where the issue] poses a mixed question of law and fact, [the court applies] the clearly erroneous standard, unless the bankruptcy court's analysis was 'infected by legal error....'" *In re Winthrop Old Farm Nurseries, Inc.,* 50 F.3d 72, 73 (1st Cir. 1995) (citations omitted). *See* Fed. R. Bankr. P. 8013.[1] An appellate court may reverse a bankruptcy court order denying a motion to extend time for filing pleadings beyond a court imposed deadline only if the appellant demonstrates that the lower court

---

[1] A finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing court on the evidence is left with the definite and firm conviction that a mistake has been committed...." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed 756, 766 (1948). "When the finding of fact is premised on an improper legal standard, or a proper one is improperly applied, that finding loses the insulation of the clearly erroneous rule..." *Wilson v. Huffman (In re Missionary Baptist Foundation of America, Inc.,* 712 F.2d 206, 209 (5th Cir. 1983).

abused its discretion.[2] *Trustees of the Centennial State Carpenters Trust v. Centric Corp. (In re Centric Corp.)*, 901 F.2d 1514, 1517-18 (10th Cir.1990) *cert. denied*, 498 U.D. 852, 111 S.Ct. 145 (1990); *see* Fed. R. Bankr. P. 9006(b)(1) (Conferring on a bankruptcy court discretion generally, with exceptions not relevant here, to authorize extensions of time for doing acts required or allowed by these rules or order of court).

### STATEMENT OF THE CASE AND FACTS

This appeal and the associated appeals arise from a year long effort by Judge Boroff, the United States Trustee and the standing Chapter 13 trustee to determine whether Attorney Lafayette had overcharged seven of his consumer bankruptcy clients for his work. *In re LaFrance, et al.*, 311 B.R. 1 (Bankr. D. Mass. 2004); 11 U.S.C. §330(a).

A.   **The Case Management Order.**

On June 24, 2003, the bankruptcy court issued a "case management order" that, among other things, set evidentiary hearings on fee applications that Attorney Lafayette had filed in five chapter 13 cases, required him to show cause why he should not have to file fee applications in all of his chapter 7 and 13[3] cases and ordered him to deposit all fees in his client trust account and not to apply them to current bills, pending further court order. *Id.* At 17-18.

---

[2] "The cask which encases a judge's discretion, though commodious, can be shattered when a reviewing tribunal is persuaded that the trial court misconceived or misapplied the law, or misconstrued its own rules.'). It abused its discretion if it ignored 'a material factor deserving significant weight,' relied upon 'an improper factor,' or made 'a serious mistake in weighing' proper factors..." *Neal Mitchell Assoc. v. Braunstein (In re Lambeth Corp.)*, 227 B.R. 1, 7 (B.A.P. 1st Cir. 1998), citing *Independent Oil & Chem Workers of Quincy, Inc. v. Procter & Gamble Mfg. Co.*, 864 F.2d 927, 929 (1st Cir. 1988).

[3] Ordinarily, pursuant to the local bankruptcy rules, counsel to debtors in chapter 13 cases are not required to file fee applications. "Unless otherwise ordered by the court, if debtor's counsel's total compensation prior to confirmation of a plan is $2,500.00 or less…[or]…compensation for post confirmation services [is] in an amount not exceeding $500…the filing of an itemized fee application shall be excused." MLBR 13-7(b).

Throughout the year leading up to the evidentiary hearings, Attorney Lafayette did not dispute the material facts –*viz.,* that his fee application in one case contained duplicate time entries for himself and his paralegal (*Id.* At 6), that he had claimed an improper exemption for one client (*Id.* At 7-8), that he had failed to object to motions to dismiss filed by the chapter 13 trustee (*Id.* At 9), that he had failed to file an amended chapter 13 plan, as ordered by the court (*Id.* At 10), that he had failed in a case to seek court authorization before selling estate property (*Id.* at 11-13), that he had failed to correct obvious errors in his clients' schedules and statement of financial affairs (*Id.* at 13-15) and that he had failed to correct conceded errors by filing an amended chapter 13 plan (*Id.* at 16-17). Rather than accept responsibility for his failure to serve his clients or appear for scheduled hearings, he advanced a series of excuses – computer software glitches, conflicting court dates, missing or ill support staff, out of town seminars and acute or chronic health problems of his own (bad teeth, bad back and adverse reactions to prescribed medication). *Id.*

  B. **The June 10, 2004 Order And The Motions To Extend.**

Based upon the undisputed facts, Judge Boroff entered an order dated June 10, 2004, finding that Attorney Lafayette's services were deficient and requiring him, among other things, to disgorge fees and to refrain from accepting payments from clients without prior court authorization. *Id.* at 26; 11 U.S.C. §330(a). The court stated:

> The Court finds it hard to believe, and does not believe, that most (if any) of the various errors described in each of the above referenced cases are the result of the various excuses proffered by Attorney Lafayette. But even if the excuses are true, they are not sufficient to overlook the sloppy, careless and unprofessional actions taken by Attorney Lafayette in each of the referenced cases. Clients come to attorneys for a service. Where the service is not provided, or provided poorly, they should not be required to pay for the service, regardless of the validity of the excuse offered.

*Id.* at 24-25.

The Court also ordered, inter alia, that "within 120 days of the entry of [this] order, Attorney Lafayette file a fee application in each Chapter 7 and Chapter 13 case in the District of Massachusetts in which he appears on behalf of a debtor, but only if he has a claim for unpaid compensation or expense reimbursement either against the debtor or the estate[.]" *Id.* at 26. On or about October 7, 2004, one day before the expiration of the deadline, Attorney Lafayette filed an Expedited Motion to Extend Time to File Fee Applications (the "First Motion to Extend") alleging that his ailments (i.e. diabetes and polyneuropathy) were permanent and prevented him from filing the fee applications.[4] Counsel sought an extension to December 8, 2004. By order dated October 12, 2004, the bankruptcy court granted the First Motion to Extend "insofar as the deadline is extended to December 8, 2004".[5] The order further expressly provided that "[n]o further extensions will be granted absent extraordinary and unanticipated circumstances."

On December 8, 2004, Attorney Lafayette filed a pleading styled as Second Motion to Extend Time (Expedited Determination Requested) ("Second Motion") in which he sought a further extension of the deadline to file fee applications. Again, the stated cause of the need for extension was Attorney Lafayette's continuing health issues caused by the afore-mentioned diabetes and polyneuropathy (the "Second Motion").[6] In the Second Motion, Attorney Lafayette alleged that his diabetes had not improved, that his medication

---

[4] *Lafrance* Docket No. 125; *Rolon* Docket No. 109; *Caci* Docket No. 111; *Bennett* Docket No. 146; *Daigneault* Docket No. 93; *Oyola* Docket No. 107; *Davis* Docket No. 169.

[5] *Lafrance* Docket No. 126; *Rolon* Docket No. 110; *Caci* Docket No. 112; *Bennett* Docket No. 147; *Daigneault* Docket No. 94; *Oyola* Docket No. 108; *Davis* Docket No. 171.

[6] *Lafrance* Docket No. 138; *Rolon* Docket No. 118; *Caci* Docket No. 120; *Bennett* Docket No. 156; *Daigneault* Docket No. 103; *Oyola* Docket No. 117; *Davis* Docket No. 187.

dosage had been tripled and that what he described as "the worsening diabetic condition" caused him to suffer unanticipated dental complication (sic)" resulting in "multiple root canals and [being] placed on antibiotics by his dentist."

On December 13, 2004, the bankruptcy court issued an order denying the Second Motion (the "Denial Order").[7] In an accompanying Memorandum of Decision, the bankruptcy court found that the alleged illnesses were insufficient to justify an additional extension of time as it was not likely that they had prevented him from filing the fee applications. The court noted that during the period from October 8, 2004 through December 8, 2004 (the time during which Attorney Lafayette alleged that his medical condition had taken an unanticipated turn for the worse), Attorney Lafayette had filed 490 pleadings with the bankruptcy court. Of these 490 pleadings filed, thirty-three (33) were new bankruptcy cases. Bankruptcy Court Memorandum of Decision, December 13, 2004. In addition, the court found that the alleged illnesses were not unanticipated as the same excuse was proffered in the First Motion to Extend. Finally, the bankruptcy court found that the failure to timely file the fee applications was caused not so much by Attorney Lafayette's illnesses as it was by Attorney Lafayette's inability or unwillingness to prioritize.

On December 22, 2004, Attorney Lafayette filed a Notice of Appeal of the Denial Order which is the subject of the present consolidated appeal.[8]

---

[7] *Lafrance* Docket No. 140; *Rolon* Docket No. 120; *Caci* Docket No. 122; *Bennett* Docket No. 122; *Daigneault* Docket No. 158; *Oyola* Docket No. 119; *Davis* Docket No. 191.
[8] *Lafrance* Docket No. 142; *Rolon* Docket No. 122; *Caci* Docket No. 124; *Bennett* Docket No. 162; *Daigneault* Docket No. 107; *Oyola* Docket No. 122; and *Davis* Docket No. 193.

## ARGUMENT

**Attorney Lafayette has failed to demonstrate that the bankruptcy court abused its discretion in denying the Second Motion.**

Counsel has failed utterly to sustain his burden that the bankruptcy court abused its discretion in denying the Second Motion or that there were extraordinary or unanticipated circumstances that would have justified a further extension. Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure confers on a bankruptcy court the discretion to authorize extensions of time for doing acts required or allowed by bankruptcy rule or orders of court. The exceptions to this general authority to extend the time contained in paragraphs (2) and (3) of Rule 9006(b) are not relevant here.

The bankruptcy court ordered Attorney Lafayette to file fee applications within 120 days of the bankruptcy court's June 10, 2004 order. Attorney Lafayette applied for and received from the bankruptcy court a sixty (60) day extension of this deadline when he alleged health problems caused by diabetes and polyneuropathy.[9] However, in its order granting the First Motion to Extend to December 8, 2004, the bankruptcy court had also stated that "[no] further extensions will be granted absent extraordinary and unanticipated circumstances." Bankruptcy Court Memorandum of Decision, December 13, 2004.

Attorney Lafayette's Second Motion did not present either extraordinary or unanticipated circumstances. As the bankruptcy court correctly observed: "It is unlikely that either or any of the alleged conditions interfered in any material way with [Attorney Lafayette's] ability to file fee applications, nor could they have been unanticipated by

---

[9] Attorney Lafayette had previously given the same excuse in attempting to justify his late filed notice of appeal in another matter that has reached this Court on appeal. *See LaFrance v. Morse et al.*, Case No. 3:04-cv-30153-MAP (United States District Court, D. Mass.)

- 6 -

Attorney Lafayette since they were specifically mentioned in the first extension request." *Id.*

Again, as the bankruptcy court noted, the facts belie Attorney Lafayette's claim that his medical condition(s) necessitated an extension of time to file the fee applications. The bankruptcy court took judicial notice of the fact that during the period from October 8, 2004 to December 8, 2004 – the time during which Attorney Lafayette alleged he was unable to complete and file his fee applications – Attorney Lafayette filed 490 pleadings with the bankruptcy court, thirty-three (33) of which were new bankruptcy cases. The court then reasonably concluded that "Attorney Lafayette's failure to comply with the June 10, 2004 order stems not so much from illness as from his inability or unwillingness to prioritize." *Id.* Moreover, Attorney Lafayette himself has never explained why his alleged illnesses interfered only with his ability to comply with the June 10, 2004 order to file fee applications, but apparently did not interfere with his ability to file thirty-three (33) new cases and file another 457 pleadings.

The bankruptcy court did not abuse its discretion in denying a second extension of time to file the required fee applications. This Court should affirm the Denial Order.

## CONCLUSION

The Court should affirm the bankruptcy court's order denying the Second Motion, because, as the record demonstrates, Attorney Lafayette did not meet his burden of showing that the bankruptcy court abused its discretion.

## PRAYER

WHEREFORE, the United States Trustee prays that the Court affirm the court's decision below.

        **PHOEBE MORSE**

        **United States Trustee, Region 1**

        By: ___/s/___ **Stephen E. Meunier**___
        **Stephen E. Meunier, Esq. BBO# 546928**
        **Trial Attorney**
        **U.S. Department of Justice**
        **Office of the U.S. Trustee**
        **446 Main Street, 14th Floor**
        **Worcester, MA 01608**
        **Tel: (508) 793-0555**
        **Fax: (508) 793-0558**
        **Email: Stephen.Meunier@usdoj.gov**

**Dated: April 29, 2005**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 29th day of April, 2005, a copy of the **Brief of Phoebe Morse, United States Trustee** was served via first class mail, postage pre-paid and/or via ECF upon the following parties:

Francis Lafayette, Esq.
1024 Park Street
PO Box 1020
Palmer, MA 01069
(Appellant)

Denise M. Pappalardo, Esq.
Chapter 13 Trustee
PO Box 16607
Worcester, MA 01601
(Appellee)

        By: ___/s/___ **Stephen E. Meunier**___
**Dated: April 29, 2005**        **Stephen E. Meunier, Esq. BBO# 546928**