UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case No.: 3-05-cv-30021-MAP (Consolidated Appeal)[1]

IN RE: JOSEPH L. LAFRANCE
DEBTOR

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JOSEPH L. LAFRANCE

APPELLANT

v.

PHOEBE MORSE, UNITED STATES TRUSTEE AND
DENISE M. PAPPALARDO, CHAPTER 13 TRUSTEE

APPELLEES

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

OPPOSITION TO
UNITED STATES TRUSTEE'S MOTION
TO SCHEDULE HEARING ON APPEAL
FRANCIS LAFAYETTE, J.D.

---

[1] The consolidated appeals are as follows:
Hector Rolon v. Phoebe Morse and Denise Pappalardo, et. al. C.A. 05-30023-MAP; Peter &
Denise Caci v. Phoebe Morse and Denise Pappalardo, et. al. C.A. 05-30024-MAP;
Mark & Angela Bennett v. Phoebe Morse and Denise Pappalardo, et. al. C.A. 05-30025-MAP
Kathleen Daigneault v. Phoebe Morse and Denise Pappalardo, et. al. C.A. 05-30026-MAP;
Marta Oyola v. Phoebe Morse and Denise Pappalardo; et. al. C.A. 05-30027-MAP; and
Stefan Davis v. Phoebe Morse and Denise Pappalardo; et al. C.A. 05-30028-MAP.

The United States Trustee seeks to consolidate appeals of Francis Lafayette and have the Court hear the "consolidated" appeals on for June 2, 2005. As grounds the United States Trustee states because the issues are generically whether or not the bankruptcy judge abused his discretion, that the issues are therefore similar. The United States Trustee also argues that because the medical condition of Francis Lafayette (i.e. advanced diabetes and polyneuropathy). While it is true that Francis Lafayette has a serious medical condition, there are other issues raised by the appeal.

While the United States Trustee says he "contacted Attorney Lafayette today and he indicated that he (Attorney Lafayette) had no position on the instant Motion at the present time" what was actually said by Attorney Lafayette to Attorney Meunier was that receiving a request late on Friday, May 27, 2005 to consolidate the hearing scheduled five (5) days later on June 2, 2005 with another appeal was something that Attorney Lafayette would require time to think about that request and that Attorney Lafayette contact Attorney Meunier on Tuesday as the following Monday was a legal holiday.

Rather than waiting for a reply from Attorney Lafayette to his request for consolidate, Attorney Meunier filed his motion a short time after his phone call to Attorney Lafayette.

Attorney Lafayette objects to the motion to consolidate appeals because there is no way that he could properly prepare to hear both appeals on June 2, 2005 and any continuance of the June

2, 2005 hearing to a future date would unfairly delay the hearing of the June 2, 2005 appeal.

For the above reasons Francis Lafayette respectfully requests the Court to deny the motion to consolidate the appeals.

_____
Francis Lafayette, J. D.
1024 Park Street
Post Office Box 1020
Palmer, MA 01069
(413) 283-7785
BBO# 282960

## Certificate of Service

I, Francis Lafayette, J. D., certify that I caused a copy of the foregoing motion to be served upon the parties shown below by mailing a copy of the same, postage prepaid, first class mail to:

Denise M. Pappalardo
Chapter 13 Trustee
Denholm Building
P. O. Box 16607
Worcester, MA 01601

UNITED STATES TRUSTEE
446 Main Street
14th Floor
WORCESTER, MA 01608

Respectfully

_____
Francis Lafayette, J. D.